IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ERNESTO GONZALEZ | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-450-MEF |
| | | (WO) |
| TALLAPOOSA COUNTY SHERIFF'S OFFICE, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

**ORDER**

This matter is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). This action contains a claim that Plaintiff was falsely imprisoned at the Kilby Correctional Facility. Plaintiff identifies as Defendants persons and/or entities located at two different penal facilities within the jurisdiction of this District. Further, the complaint merely contains general conclusions of constitutional violations, and fails to identify factual allegations material to specific counts lodged against the named defendants with respect to any violations of Plaintiff's constitutional rights. The court, therefore, deems it appropriate to require Plaintiff to amend his complaint to correct the deficiencies noted herein.

Accordingly, it is

ORDERED that on or before **June 6, 2006** Plaintiff shall amend his complaint to provide the following additional factual information:

1. State his status in the Tallapoosa County Jail at the time of his transfer to the Kilby Correctional Facility, *i.e*, pre-trial detainee, parole violator, convicted inmate;

2. Identify specific claims relative to **actions taken against him** by the named defendants and list these claims in separate counts;

3. Describe with clarity those factual allegations that are material to each specific count against the named defendant(s); and

4. Describe how each named defendant violated **his** constitutional rights.

Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a *short and plain* statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal). Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

Done this 24th day of May, 2006.

                                      /s/Charles S. Coody
                                    CHARLES S. COODY
                                    CHIEF UNITED STATES MAGISTRATE JUDGE